Good morning. My name is Sue Fahami and I'm representing the government today. First, the nature and type of a prior felony conviction is a question for the court to decide. In this matter before us, the defendant's base offense level for possession of a firearm by a convicted person should result in a level 20 base offense level pursuant to USSG section 2K2.1A4. The defendant committed the instant offense subsequent to sustaining a felony conviction for a crime of violence, the conviction being for aggravated criminal sexual assault. The determination of whether or not the defendant's prior conviction constitutes a crime of violence need not be submitted to a jury and need not be admitted by the defendant. The court must make the finding of fact on its own. Well, on this record, assuming what you say is true, isn't the error harmless given the record in the case? Your Honor, in this case, we were never even able to get to that position. What did you tender to the district court in terms of proving a conviction? Your Honor, we did not tender anything to the district court. We did not even make it to that point. Well, I'm curious about that because it's sort of hard to tell from the record. I mean, in some other cases, not this one, where the district court indicates its inclination to make a legal ruling, the government has preserved its rights by saying, let's make an offer of proof so we have the record complete. What were you prepared to prove? Your Honor, usually what we would be able to prepare to prove, documents are gathered by our probation department. And they use their documents to put the PSR together. And usually we tender the documents that the probation department would have. Right. So all you had was a PSR and period, right? Well, and the documents that the probation officer would have. Were they? Do you know? I am not aware of what they were, but at that point, we couldn't get to the point of finding out. Where in the record does it say that you couldn't get to the point of finding out? That's where I'm ‑‑ I had some trouble with that because it seemed to me that the district court just started to say, I think that's a question for the jury. But I didn't indicate, I didn't seem to be any indication of what the government intended to put on or was going to put on in support of its sentencing enhancement. Your Honor, on the record, the Court explained that on its face, it appears to be a crime of violence, the prior conviction. But in my view, that would require a finding of fact. It would not be merely a question of law. Evidence would have to be received to try to figure out, and I draw a line between Almendarez-Torres or those findings of fact which may relate to prior convictions. What page are you on? This is excerpts of record 47 through 48. Right. And that's, I guess, what's kind of ‑‑ that's way in the sentence. I mean, that's pretty far into the sentencing hearing. Yes. But we believe that the Court was pretty clear in its belief. And the Court goes on to say that the way I read Blakely, if a finding of fact may affect the base offense level, then that is a finding of fact that the Court can't make on its own. It's a finding of fact that the defendant has to either admit to or it has to be found by a jury beyond a reasonable doubt. Yes. I take your point. I just ‑‑ can you tell me, as you sit here today, what evidence you were prepared to put on? At that point, not speculative about what you would put on on resentencing, but ‑‑ The evidence I would put on, Your Honor, would be the evidence ‑‑ Would have put on what was available. What did you have there that day? Yes. What did the government have ready to tender that day? Your Honor, to be honest with you, I did not have it in my hands, but the probation officer's documentation at that point would be what I would have to present. And if the judge felt that he needed more, I would be prepared to obtain more documentation. It just seems to me that normally, if you disagree with the judge's legal reasoning and you want to take that up, you would make a proffer and say, you know, Judge, may we put on the record what we would show. I mean, then you would have something to argue to us. But, I mean, the judge didn't say, no, I don't want to take time to do that or no, I won't hear that or no, I won't accept that. Yes. I felt, and I was the prosecutor on this case. Yes, he didn't say those things. I did not say those things. No, he didn't say those things. You can't do it. Correct. Okay. But I felt, as I listened to the court, that the court was definite in its understanding and how it felt on the issue and the fact that the court felt that either the defendant had to admit to it or it had to be presented to a jury. Well, here's my, I guess here's my concern, is that it appears to me, and I think you've verified it because you don't know what documents were there, that the only thing you had was a probation officer's testimony and we don't know what the underlying documents were, and often they don't get the judgment of conviction. And we know the PSR is not enough and his testimony would have been hearsay. So do we, this record is devoid of any, any evidence that would comply with Shepard. Actually, Your Honor, with all due respect, the probation officers I've worked with quite often do get the judgment of conviction. Yeah, but it puzzles me that you don't know what documents you were prepared to introduce at trial. I mean, you're at the sentencing hearing. Yes. To get this judgment of conviction in, you need the judgment of conviction. You can't. And that's something that you can put in without the probation officer. You just need a certified copy. But from what you're telling me here, and it may or may not make any difference, but I want to make sure I understand what happened, you weren't prepared to do that. Well, Your Honor, the defendant did admit that he did have a prior felony conviction. During his change of plea, he did admit to the elements of the crime. And when that occurs ---- But the type of conviction that you might plead for, that offense is somewhat different from finding under a Taylor analysis that the elements of the prior crime did not fit because the judgment of conviction was for X or Y. They're two different things. Correct. I do understand that the type is different. But previously in prosecuting these cases, the courts had never requested that we tender a certified copy of a conviction to prove at sentencing what type of conviction. Yes, I mean, I noticed this from Nevada, and that was kind of a ---- there was a period of time that that occurred. But we reversed a number of Nevada cases on those grounds. So that's kind of ---- I mean, we're exactly the sort of circumstance where the PSR was tendered, no judgment of conviction was entered. And we said, well, you know, that's not enough under our case law. And the Supreme Court's reaffirmed that under Shepard. So I guess I'm coming back. I guess we have to read this and decide whether or not you were precluded from putting on any evidence at all and just have to gauge that from the record. Yes, Your Honor. And that is the core of our argument here today, that we were precluded from even getting to that point. Okay. Our second argument is that this case should be remanded for a full sentencing rehearing so that the Court may consider a number of facts that would raise the defendant's guideline range, including the age of the children and the pornography, the number of items containing pornography, the number of images, and the number of guns. And in this case, Your Honor, at the time of the hearing, the Court did follow current Ninth Circuit law, and that was Ameline. However, the current law, which is Booker and applies to all cases on direct review, states that the guidelines are advisory and that the Court could consider the issues I – the enhanced – the possible enhancements that I just listed. And again, at that time, the Court felt that it was precluded from considering any of those enhancements, and those are enhancements that had to either be admitted by the defendant or submitted to a jury. And that is our – the conclusion of our argument, if there are no other questions. Thank you. May it please the Court. Cynthia Hahn for Appellee Clark-Moseley. I'm kind of on the same page as the Court is, at least according to the questions I heard, is that what we have here, okay, Ameline does say that application of the guidelines, even if it's a nonconstitutional error and the defendant's However, I think what we have here is harmless error, because whether Booker or Blakely applied at the time of Mr. Moseley's sentencing, the fact remains the government had not one document, not one picture. They say there were all these pictures, but they didn't have any. They didn't prove up one thing that was in the pre-sentence report. And I don't know how long this is. I mean, I know Corona-Sanchez was 2002 en banc. This is not new case law by any stretch of the imagination. And whether it was Booker or Blakely, this district court did not have the materials to find either an appropriate base offense level. He did admit to a felony. He didn't admit to what kind of felony. And the judge correctly sentenced him at a level 12 for the gun, which would be the appropriate base offense level under what the judge had to go by. When it came to the enhancements for over 500 pictures, that's a lot of pictures. And they didn't come with one. There was nothing. There's nothing in the record where the government says, Your Honor, we have all this documentation, we have an expert here to testify that these pictures are indeed of children and not morphed pictures. We don't even know if they're morphed pictures. We don't know if there's any pictures of children. We just know from the PSR what it says. And the PSR, under this Court's law for a long time now, has been it is not enough. And when are we going to start doing something about this? Because what happens is it gets sent back down, and the government gets a second shot to prove it up. And I understand under Matthews why they had that, because that was a kind of a first impression kind of thing. But now we're far down the line from Matthews, and I don't know how many times this Court has to tell the government the PSR alone is not enough for sentencing. No, Matthews is an en banc case. That's correct. But it was also taking a fresh look at things. Now we have Matthews, we have Corona-Sanchez, we have, well, Navidad-Marcos. Not exactly incompatible. Corona-Sanchez speaks to the inadequacy of the PSR. But Matthews seems to indicate we have to remand for a full resentencing, that the government gets a second bite at the apple. Well, that was kind of a first impression issue there. But since then, this Court, the Ninth Circuit, has said many, many times to the government the PSR alone is not enough. How many times does it have to be said? Why do they keep coming to court with just a PSR? It wastes the district court's time. It wastes this Court's time. It takes, we all have to fly up here or drive up here. We go back down again. It's crazy. And I will point out that Judge Reed is, I think, the only judge left in the District of Nevada who was sentencing people prior to the guidelines. He's been on the bench that long. And he has always done a 3553A analysis, which he did here, not just a recitation of the 3553A factors, but a specific to the individual 3553A analysis. And he even said, he said, I think that the Court still retains some discretion to apply the law as the Court sees it, and I am seizing on that discretion here. And that's at the excerpts of record, page 56. So he realized he had discretion here. It may not have been to the point of Booker discretion, but he certainly realized that he had the discretion to put the sentence as he saw fit. And without anything else but the PSR, there was nothing else for him to do but go ahead and give the man the level 12 under the gun, and then he couldn't apply 500 or more pictures. He had never seen any pictures. He had no testimony. He did what was the appropriate thing. I sent over to the Court this morning the Courtguard case. I realize it's not on point because it's a criminal history case. What I was trying to point out to the Court was that Courtguard said Apprendi is very, very narrowly construed. Remember, in Apprendi, the defendant admitted to his priors. Here we have, and just like in Courtguard, not just the prior, but the facts underlying the prior, which is what is really important here. In the PSR, there's not even a statute cited. And that's why I'm saying the PSR is inadequate, I think. There's no doubt about that. But the problem, I think, from your point of view is I think the judge was incorrect in saying it's a question of fact for the jury. I mean, that's plainly wrong, I think, as to the fact of conviction. Now, whether or not the government, we say the government did prove or should have proved it at the time may be a separate question. But the fact of conviction can't be subject to a Blakely, a Sixth Amendment presentation. No, I agree. I agree with that. But what I'm saying here is that it was harmless error in that it did not affect any substantial rights here. It was just ---- With respect to the conviction, leaving aside the photographs, with respect to the conviction, I think there is some force to the government's argument that they were cut off at the pass because Judge Reed started off that portion of the hearing by saying I've made this legal judgment and engaged in some colloquy. And perhaps they should have made an offer of proof at that point or something. But I guess if they called a witness to try to prove up the conviction, I'm sure the judge would have stopped them. In a way, well, that's speculative. How do you read the record? I see that they showed up unprepared to present anything. They didn't know what the judge was going to say. And they still showed up unprepared to show anything. And that's why I say it's harmless error. If it were a Booker case, they still would have shown up with nothing. That's how they work. They show up with nothing, and then we end up coming up here. And at some point, it's got to be considered willful, and it's invited error. It's become invited error, basically. The government invites error to get up here, to get it remanded, and they have more time to collect their case and put their experts on. And I think at that point, if it is sent back, it is not harmless error because it really is affecting the substantial rights of Mr. Mosley. Whereas right now, we have a harmless error. Whether it was Booker or Blakely, the government had no idea that the court was going to say what it did. It should have come prepared. And there's no place where the government, where the court, excuse me, cut off the government and said, that's it, I won't accept it. I mean, at least the government could have stood up and said, Your Honor, we brought all these people here. We have an FBI agent expert in child pornography who is willing to testify as to the age of these people and in the pictures and how many there were. And, Your Honor, we're ready to go forward with our burden of proof because we've got it. And that just wasn't the case. I mean, you've got to give the court a chance to say no. It's very speculative. Who knows what the court would have done if the government had come like that. And that's why I say it's harmless error, because under Blakely or Booker, the government simply was not prepared to present its case. Thank you, counsel. Pardon me? I said thank you. Oh, thank you. Okay. You have another minute if you need rebuttal, but it's not required. Just briefly, if I may. Yes. I'm looking at the excerpt of record page 27, which shows that the defense counsel on this case even agreed with the government at the time. And there's a ---- It says we're not contesting there's a prior conviction. Yes. It doesn't say what it ---- but the question is what the character of the prior conviction was, was it? Yes. And I ---- here it states that Ms. Sison told the court that such cases and such ---- that the court can consider the prior felony conviction and that the government is correct in this case. Well, he's saying you can't ---- the court can't consider that. Isn't that what the record says? She says we're not contesting that there was a prior conviction, obviously. What we're saying is because of Amline and Blakely and such cases that the court can't. Can't. Yes. Oh, I'm sorry. That does sound weird. But on the next sentence, she states that we do concede as of the present time, Your Honor. That you can't take into consideration the prior conviction. Yes. That just doesn't sound ---- No. But that's what it says. But going down two more paragraphs, the defense does agree with our argument. All right. Thank you, Kim. Thank you. The case just arguably submitted. Next case.
judges: Reinhardt, Thomas, Restani